**Rudy YONG TAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 06–5292–ag.**

United States Court of Appeals, Second Circuit.

June 29, 2007.

H. Raymond Fasano, Esq., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Christopher C. Fuller; Alison Marie Igoe, Senior Litigation Counsel, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Rudy Yong Tan, a native and citizen of Indonesia, seeks review of the October 17, 2006 order of the BIA denying his motion to reopen. *In re Rudy Yong Tan*, No. A96 258 093 (B.I.A. Oct. 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). The BIA may properly deny a motion to reopen when the movant fails to present material, previously unavailable evidence, or fails to establish prima facie eligibility for the relief sought. 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Where, as here, the motion was filed beyond the 90–day deadline for such motions, the movant must establish changed country conditions. 8 U.S.C. § 1229a(c)(7)(C)(ii).

Here, the BIA did not abuse its discretion in denying Tan's motion to reopen. The BIA reasonably declined to consider the evidence Tan submitted that pre-dated the final order of removal or his August 2004 motion to reopen, as there was no indication that such evidence was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1); *Norani v. Gonzales*, 451 F.3d 292, 294–95 (2d Cir.2006). Further, the BIA reasonably found that the remaining documents did not establish changed country conditions in Indonesia that would warrant reopening Tan's removal proceedings. Although the documents submitted established continued unrest in areas of Indonesia, they did not compel a finding of changed country conditions. For example, the most recent State Department report submitted with Tan's motion, the 2005 International Religious Freedom Report, indicated that most Indonesians enjoyed a great deal of religious freedom and that, since the prior report, there had been no change in the status of respect for religious freedom. Moreover, as the State

Department's 2004 Human Rights Report provided that instances of discrimination and harassment of ethnic Chinese Indonesians had declined compared to prior reporting periods, the BIA did not abuse its discretion in concluding that Tan had failed to establish his prima facie eligibility for relief based upon his ethnicity.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal in this petition is DENIED as moot.